IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Tony Massenburg, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Case No. 8:24-cv-01521-TDC |
| Doranna Tindle, | * | |
| Defendant. | * | |

* * * * * *

**REPORT AND RECOMMENDATION**

This case was referred to me for discovery and related scheduling matters.[1] ECF No. 130. Now pending before the Court is the Motion to Compel ("Motion") (ECF No. 131) filed by Plaintiffs and Judgment Creditors Tony Massenburg and Lanie Nikes ("Plaintiffs"). Defendant Doranna Tindle ("Defendant") has not responded to the Motion and the time to do so has passed. *See* Loc. R. 105.2. No hearing is necessary. *See* Loc. R. 105.6. For the following reasons, I recommend that the Motion be granted.

## I. Background

On May 14, 2026, the Court entered judgment in favor of Plaintiffs and against Defendant following a jury trial in which a verdict was entered in Plaintiffs' favor. ECF No. 85. The judgment provided:

[1] The Fourth Circuit has stated, in an unpublished opinion, that magistrate judges may not enter a final order on a post-judgment discovery motion because they lack the authority to do so under 28 U.S.C. § 636(b)(1). *Springs v. Ally Fin. Inc.*, 657 F. App'x 148, 152–53 (4th Cir. 2016). Accordingly, the undersigned has prepared this report and recommendation to allow the presiding judge to conduct a de novo review. *See Razzak v. Ackoyt*, No. 1:15CV1016, 2017 WL 2061068, at *3 n.1 (M.D.N.C. Apr. 24, 2017) (explaining that a report and recommendation appeared to be required in a case where a post-judgment discovery issue was referred to a magistrate judge).

> Plaintiff Tony Massenburg shall recover from Defendant Doranna Tindle $100,000 in compensatory damages and $75,000 in punitive damages, and Plaintiff Lanie Nikes shall recover from Defendant Doranna Tindle $50,000 in compensatory damages and $25,000 in punitive damages.

*Id.*

Plaintiffs report that the judgment "remains wholly unsatisfied."[2] ECF No. 131 at 1.

Plaintiffs state that on June 16, 2026, after the automatic stay under Rule 62(a) had expired, they served Defendant with post-judgment interrogatories and document production requests pursuant to Rules 33, 34, and 69(a)(2). *Id.* at 2. The requests seek financial information that will help Plaintiffs collect the judgment. *Id.*; ECF Nos. 131-1 & 131-2. Defendant did not timely respond to the discovery requests, nor did she serve objections, seek an extension of time to respond, or file a motion for protective order. *Id.*

On July 22, 2026, about a week after Defendant's discovery responses were due, Plaintiffs sent Defendant's counsel a letter demanding that Defendant serve responses to the outstanding discovery requests and offering to meet with Defendant's counsel about the issue. ECF No. 131-3. Neither Defendant nor her counsel responded to the letter. ECF No. 131 at 2. Plaintiffs now seek an order compelling Defendant to respond to the outstanding post-judgment discovery requests. ECF No. 131.

## II. Analysis

### A. Post-Judgment Discovery

Under Rule 69(a)(2), a judgment creditor "may obtain discovery from any person—including the judgment debtor—as provided in" the Federal Rules of Civil Procedure. "The rules

[2] Defendant appealed to the United States Court of Appeals for the Fourth Circuit, ECF No. 86, and sought to stay enforcement of judgment pending the appeal, ECF No. 108. On September 9, 2026, the Court denied Defendant's motion to stay and granted Plaintiffs leave to file the Motion that is now pending. ECF No. 129.

governing discovery in postjudgment execution proceedings are quite permissive." *Republic of Argentina v. NML Cap., Ltd.*, 573 U.S. 134, 138 (2014) (citing 12 C. Wright, A. Miller, & R. Marcus, Federal Practice and Procedure § 3014, p. 160 (2d ed. 1997)); *see also* 13 Moore's Federal Practice - Civil § 69.04 (2021) ("The purpose of discovery under Rule 69(a)(2) is to allow the judgment creditor to identify assets from which the judgment may be satisfied and consequently, the judgment creditor should be permitted to conduct a broad inquiry to uncover any hidden or concealed assets of the judgment debtor.").

Rule 33 permits a party to propound interrogatories on any other party that "relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). Rule 34 permits a party to request that another party produce relevant documents in the responding party's possession, custody, or control. Fed. R. Civ. P. 34. Under both rules, a responding party is required to serve its responses within 30 days. Fed. R. Civ. P. 33(b)(2); 34(b)(2)(A). Rule 37(a)(3)(B) permits a party seeking discovery to move for an order compelling another party to produce a response, including when a party fails to respond to interrogatories under Rule 33 or document production requests under Rule 34.

The interrogatories and document production requests that Plaintiffs served on Defendant are permitted under Rule 69(a)(2) because they are designed to aid in execution of the outstanding judgment. Defendant has not presented any excuse for her failure to respond to Plaintiffs' discovery requests. Because Defendant did not timely respond to the post-judgment discovery requests, and because such failure is not excused by good cause, an order compelling Defendant to produce responses is warranted. Fed. R. Civ. P. 37(a)(3)(B).

I recommend that the Court order Defendant to produce complete and non-evasive responses to Plaintiffs' discovery requests (*see* ECF Nos. 131-1 & 131-2) within 14 days of the

Court's order. I further recommend that the Court notify Defendant that she may not withhold discovery on the basis of any objection because she has waived her right to do so. *See Quan v. TAB GHA F&B, Inc.*, No. TDC-18-3397, 2020 WL 9349573, at *1 (D. Md. Nov. 25, 2020) (explaining that a failure to timely raise objections under Rules 33 and 34 amounts to a waiver of those objections unless the failure is excused by good cause, and collecting cases). Finally, I recommend that the Court warn Defendant that if she fails to comply with the Court's order compelling discovery, the Court may issue sanctions against her, including treating such a failure as contempt of court. Fed. R. Civ. P. 37(b)(2)(A)(vii).

**B. Award of Reasonable Expenses**

Plaintiffs seek an award of reasonable expenses, including attorney's fees, caused by Defendant's failure to respond to the post-judgment discovery requests. ECF No. 131 at 5. Where, as here, a party fails to respond to interrogatories or document production requests, the Court "must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). And under Rule 37(a)(5), when a motion to compel is granted, the Court must "require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." The Court must give the non-compliant party an opportunity to be heard and must not award fees if the movant failed to make a good faith attempt to obtain the discovery without a court order, the non-compliant party's position was substantially justified, or other circumstances make an award of expenses unjust. *Id.*

I recommend that the Court find that Plaintiffs are entitled to an award of reasonable expenses, including attorney's fees, that they incurred because of Defendant's failure to respond to the post-judgment discovery requests. *See* Fed. R. Civ. P. 37(d)(3). And if the Court adopts this Report and Recommendation, I recommend that the Court also find that Plaintiffs are entitled to an award of expenses under Rule 37(a)(5). The Court has no information as to why Defendant failed to respond to the discovery requests or why she and her attorney failed to respond to Plaintiffs' letter requesting a conference of counsel and to the Motion itself. After receiving briefing from the parties, the Court will determine, by separate report and recommendation, the amount of reasonable expenses to award to Plaintiffs and whether to enter an award of expenses against Defendant, her attorney of record, Raymond Jerome Vanzego, Jr.[3], or both.

Within 14 days of the date of this Report and Recommendation, Plaintiffs shall file a memorandum in support of their request for an award of reasonable expenses incurred because of Defendant's failure to respond to the post-judgment discovery requests. Local Rule 105.2 will govern response and reply deadlines. Plaintiffs' submission shall include evidence that would support a finding of reasonableness as to the time spent on the matter and counsel's hourly rate. The submission shall also comply with Appendix B to the Local Rules, which provides rules and guidelines for a party seeking attorney's fees. Once briefing is complete, I will submit a separate report and recommendation regarding Plaintiffs' request for an award of reasonable expenses.

## III. Conclusion

In sum, I recommend that the Court:

1. Grant Plaintiffs' Motion to Compel (ECF No. 131);

---

[3] Because Defendant's appeal remains pending in the Fourth Circuit, Mr. Vanzego's appearance as counsel has not been automatically terminated. As such, he continues to owe professional duties to his client and the Court. *See* Loc. R. 101.2(c).

2. Order that within 14 days of the date of the Court's order, Defendant must (1) serve complete, separately-stated, written, non-evasive, and sworn answers to Plaintiffs' post-judgment interrogatories (*see* ECF No. 131-1) and (2) serve complete written responses to Plaintiffs' post-judgment document production requests (*see* ECF No. 131-2) and produce all responsive documents within Defendant's possession, custody, or control;

3. Order that Defendant may not withhold discovery on the basis of any objection;

4. Warn Defendant that failure to comply with the Court's order could result in the imposition of sanctions, including treating any noncompliance as contempt of court; and

5. Find that Plaintiffs are entitled to an award of reasonable expenses under Rule 37(d)(3) and 37(a)(5), with the amount and allocation to be determined at a later date.

In addition, I order Plaintiffs to file a memorandum in support of their request for an award of reasonable expenses within 14 days from the date of this Report and Recommendation. Local Rule 105.2 will govern response and reply deadlines.

Objections to this Report and Recommendation must be served and filed within 14 days, pursuant to Fed. R. Civ. P. 72(b).

September 29, 2026
Date

/s/
Timothy J. Sullivan
Chief United States Magistrate Judge